IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ESTHER VERA**, as personal representative of
**MANUEL FLORES**, deceased,

       **Plaintiff,**

v.                                  **No. 16-cv-0491-SCY-KBM**

**SAMUEL RODRIGUEZ** in his individual capacity,
**BOARD OF COUNTY COMMISSIONERS
OF BERNALILLO COUNTY**, and **DAN HOUSTON**,
in his individual and official capacities as
**BERNALILLO COUNTY SHERIFF**,

       **Defendants.**

<u>**PLAINTIFF'S MOTION TO PROHIBIT PIECEMEAL MOTION PRACTICE**</u>

Plaintiff, through her counsel of record, Paul Kennedy & Associates, P.C., respectfully moves the Court to prohibit the piecemeal motion practice evinced by Defendants' multiple motions filed during the past month (Doc. 68, 69, 70, 71, 75, 76, 77).  Specifically, the Court should strike or otherwise decline to consider those motions in their present form, require Defendants to re-file a single consolidated motion for partial summary judgment with a single set of uniformly numbered exhibits, as well as a single consolidated response to Plaintiff's Motion to Exclude Expert Opinion Evidence (Doc. 79), and award Plaintiff reasonable attorney fees attributable to the extra work caused by any portion of Defendants' piecemeal motion practice which the Court finds excessive.  As grounds for this motion, Plaintiff states the following.

Judge Parker articulated the reasons for prohibiting piecemeal motion practice in *United States v. Copar Pumice Co.*, Civ. No. 09-1201 JP/KBM, 2013 WL 12159365 (D.N.M. unpublished memorandum opinion and order filed Sept. 9, 2013).  "[C]ourts have inherent power

'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"

*Id.* at \*3 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)); *see also* Fed. R. Civ. P. 1

(directing that procedural rules "be construed, administered, and employed by the court and the

parties to secure the just, speedy, and inexpensive determination of every action and

proceeding").  Determining the timing, volume, and sequence of motions falls within the Court's

discretionary authority under Fed. R. Civ. P. 16(b) and under its inherent power.  *See Copar*

*Pumice Co.*, *supra*, 2013 WL 12159365, at \*3.

> Exercising this discretion, many courts have concluded that:

> "A party should ordinarily submit only one motion for summary judgment which
> contains all arguments and evidence in support of a judgment in favor of the
> moving party, so as to avoid a piece-meal approach to a multiple claim suit.  As
> this Court has previously noted, filing summary judgment motions seriatim on
> one's own initiative not only makes 'the court's task of shuffling paperwork more
> complex,' but also permits 'any number of permutations of the page-limitation
> rule, all of which would be sure to be exploited by creative counsel more
> frequently than desired by the court or warranted by the circumstances."

*Id.* (quoting *Cole v. Convergys Customer Mgt. Group, Inc.*, No. 12-2404-SAC, 2013 WL

1446556, at \*1 (D. Kan. unpublished memorandum and order filed Apr. 9, 2013).  "'Parties are

generally expected to set forth all their arguments in support of summary judgment in a single

dispositive motion; piecemeal litigation at the summary-judgment stage is disfavored.'"  *Id.*

(quoting *Spengler v. Worthington Cylinders*, 514 F. Supp. 2d 1011, 1021 (S.D. Ohio 2007));

*accord McCabe v. Bailey*, No. 05-CV-73, 2008 WL 1818527, at \*1 (N.D. Iowa unpublished

disposition filed Apr. 4, 2008).

> Expanding on the rationale articulated by Judge Parker, Judge Herrera has stated:

> this type of split-pleading practice, breaking what is in reality a single motion for
> summary judgment into distinct and individual pleadings, is strongly discouraged
> in this District.  It forces the parties to file multiple motions, responses, and

replies, when a single omnibus document would suffice.   Perhaps more
importantly, it causes extra work for this busy Court, which has had to read and
analyze overlapping and often duplicative arguments and to review attachments to
briefs that in a number of instances were identical to attachments the Court has
already reviewed because they were also attached to a different brief.   For this
reason, some judges in this District have gone so far as to reject multiple motions
like the ones filed in this case and force the offending party to file a single
summary-judgment motion containing all arguments the party might have in
support of a grant of summary judgment.

*See Caldera Pharmaceuticals, Inc. v. Bellows*, Civ. No. 10-222 JH/RHS, Doc. 232, at 3 n.2

(D.N.M. unpublished memorandum opinion and order filed Dec. 21, 2012) (available in the

Court's DRS opinions database).   Judge Herrera specifically instructed counsel "to avoid this

type of motion practice in the future." *Id.*

The instruction given by Judge Herrera is not a new one.   Chief Judge Black's practice

was to dismiss multiple summary-judgment motions without prejudice and require the offending

party "to file a single dispositive motion that complies with this Court's rules."   *Cash v.*

*Lockheed Martin Corp.*, No. 09-CV-901 BB/RLP, Doc. 81, at 2 (D.N.M. unpublished order filed

Sept. 3, 2010) (copy attached hereto as Exhibit 1).   Chief Judge Black also instructed that:

[w]hat parties should not do is take a single motion and, rather than edit out
unnecessary content, chop it into multiple motions and memoranda.   Such tactics,
which look like transparent attempts to skirt the rules--waste judicial resources,
unnecessarily burden the litigants, and ultimately prove counterproductive
because, to use Judge Johnson's analogy, they create additional haystacks in
which courts are obliged to look for the needle.

*Id.* at 1-2.   For these reasons, Chief Judge Black refused "to consider multiple, piecemeal

dispositive motions that are differentiated from one another by the legal theory being argued or

the count of the complaint being addressed." *Id.* at 2.

Judge Johnson has followed a similar practice.   *See Rice v. City of Santa Fe*, No. 00-CV-

1669 WJ/DJS, Doc. 199 (D.N.M. unpublished order filed Aug. 21, 2002) (copy attached hereto

as Plaintiff's Exhibit 2).   "The parties shall comply with the local rules including page

limitations."   *Id.* at 2.   "There will be no piecemealing of summary judgment motions, or

submission of summary judgment [motion]s in serial form, *i.e.*, no Motion for Partial Summary

Judgment I, Motion for Partial Summary Judgment II, etc."   *Id.*   "There shall be no supplemental

pleadings or exhibits other than what is allowed by the Federal Rules of Civil Procedure and/or

the Local Rules of the District of New Mexico."   *Id.*

Defendants' current motion practice in this case does not comply with these

requirements.   Defendants are represented by the same counsel and are pursuing common

defenses to Plaintiff's claims, all of which are interrelated.   Yet they have filed three motions for

partial summary judgment over the span of less than a month.

Motion for Partial Summary Judgment No. I (Doc. 69) presents legal argument on

Plaintiff's Fourth Amendment excessive-force claim against Defendant Rodriguez but does not

include a listing of undisputed material facts.   Motion for Partial Summary Judgment No. I also

does not attach any exhibits or contain citations to the exhibits or evidence of record on which

Defendants rely to support each specific factual contention raised in their argument on that

claim.   Instead, Motion for Partial Summary Judgment No. I just makes a generic reference to

the alleged statements of fact numbered 1 through 117 in Defendants' Motion for Partial

Summary Judgment No. II (Doc. 69, at 3, citing Doc. 68).

Such a generic reference to 117 different statements of fact in another motion does not

comply with the local rule on summary-judgment practice.   *See* D.N.M. LR-Civ. 56.1(b)

(requiring a motion for summary judgment to "contain a concise statement of the material facts"

in which each fact in dispute "must be numbered and must refer with particularity to those

portions of the record upon which the movant relies"); *cf. Richardson v. Glass*, 1992-NMSC-046, ¶ 5, 114 N.M. 119, 835 P.2d 835 (declining to allow a party to generically assert or dispute a statement of facts "in its entirety").  As a result, Plaintiff does not know which of the *specific* statements of fact alleged in Motion for Partial Summary Judgment No. II (Doc. 68), or which of the *specific* records attached as Exhibits A through R to that motion (Doc. 68-1 to 68-16 & Doc. 71), Defendants are relying upon for the various unnumbered factual contentions they make in the body of Motion for Partial Summary Judgment No. I (Doc. 69).  Without more specific identification of exactly which of the numbered facts and exhibits referenced in Motion for Partial Summary Judgment No. II go with which specific arguments set forth in the body of Motion for Partial Summary Judgment No. I, Plaintiff's counsel is not given a fair opportunity to meaningfully comply with their own obligations under Local Rule 56.1.  Plaintiff can mimic Defendants' practice by generically incorporating their responses to the 117 numbered factual contentions in Motion for Partial Summary Judgment No. II into their response to Motion for Partial Summary Judgment No. I using the same approach that Defendants use in the latter motion.  But Plaintiff's counsel candidly acknowledge that this approach only buries the needle further in the haystack, to use Judge Johnson's metaphor.  The better approach is to require Defendants to file a single summary-judgment motion that specifically identifies which numbered statements of fact and exhibits go with which arguments presented in the body of the motion, so that Plaintiff can respond to each one appropriately.

Plaintiff's counsel requested that Defendants avoid such piecemeal motion practice before the present round of motions was filed.  *See* Letters to counsel attached hereto as Exhibits 3 and 4.  Defendants' counsel declined to address Plaintiff's objections and instead filed yet

more motions.  In addition to Motions for Partial Summary Judgment Nos. I and II, Defendants filed a *Daubert* Motion to Affirmatively Admit Animations and Related Testimony by Dennis O'Brien (Doc. 70), which cross-referenced some of the exhibits to Motion for Partial Summary Judgment No. II (Doc. 71, Exhibits O-1 and O-2 to Doc. 69), and submitted additional records marked as Exhibit A (Doc. 70-1) and Appendix A (Doc. 70-2).  Defendants' apparent rationale for filing a motion to affirmatively admit Mr. O'Brien's animations and testimony is so that his animations (Doc. 71, Exhibits O-1 and O-2 to Doc. 69) can be considered for purposes of summary judgment.  But since Document 71 is labeled a *Daubert* motion rather than a summary-judgment motion, it is unclear whether Defendants expect Plaintiff to respond to the additional statements of alleged fact or exhibits submitted with that *Daubert* motion as if it were a summary-judgment motion.  Dividing portions of the record or argument that Defendants want the Court to consider at the summary-judgment stage into separate motions and batches of exhibits only serves to confuse the record and bury the proverbial needle deeper in the haystack.

On May 26, 2017, Plaintiff's counsel again reminded Defendants about the prohibition on piecemeal motion practice and advised them that Plaintiff planned to file her own *Daubert* motion.  (Ex. 4 attached hereto and Doc. 79). Defendants responded by bombarding the Court with Motion for Partial Summary Judgment No. III (Doc. 75) and two more *Daubert* motions of their own (Doc. 76 & 77).  Motion for Partial Summary Judgment No. III has an additional nine exhibits, marked as A through I.  (Doc. 75-1 to 75-9.)  Defendant's *Daubert* motions regarding Mr. McCarthy and Dr. Fisher (Doc. 77 & 78) each add two more exhibits, which are each marked as A and B (Doc. 77-1, 77-2, 78-1, 78-2).  So now the Court has at least two sets of exhibits marked as C through I (Doc. 68-4, 68-5, 68-6, 68-7, 71, 75-3, 75-4, 75-5, 75-6, 75-7, 75-

8, 75-9), at least five exhibits marked as A (Doc. 68-2, 70-1, 75-1, 76-1, 77-1), and at least four

exhibits marked as B (Doc. 68-3, 75-2, 76-2, 77-2).  Are the Court and Plaintiff's counsel

supposed to consider and respond to all of these exhibits collectively with respect to each of

Defendants' three motions for partial summary judgment and three *Daubert* motions to admit

expert testimony?  Or, does each duplicatively marked sets of exhibits pertain only to the motion

to which it is attached, so that it cannot be used to support another motion or cited in a reply

brief on another motion?  And what purpose is served by moving to affirmatively admit expert

opinions under *Daubert* at the summary-judgment stage, other than seeking to make those

opinions eligible for consideration with respect to the pending motions for partial summary

judgment?

Requiring parties to file a *Daubert* motion to affirmatively admit each of their experts'

opinions at the risk of having them excluded for failure to do so would encourage excessive

motion practice, as it would mean there would always be at least one *Daubert* motion for each

expert in every case.   The better approach is to require a *Daubert* motion only when a party is

moving to exclude an opponent's expert opinion evidence, and to engage a strong presumption

that *Daubert* challenges are waived if not made by the deadline for *Daubert* motions set in the

scheduling order.  *See, e.g., Okla. ex rel. Doak v. Acrisure Business Outsourcing Servs., LLC*,

529 Fed. Appx. 886, 896 (10th Cir. 2013) (unpublished disposition).

The Court should resolve the present morass over which statements of fact and which

exhibits go with which motions by denying all of Defendants' pending motions without

prejudice and allowing Defendants to file a single, consolidated motion for summary judgment

with appropriate page-limit and briefing-schedule extensions, as well as a consolidated response

to Plaintiff's Motion to Exclude Expert Opinion Evidence (Doc. 79) with similar extensions as needed.  Absent such relief, Plaintiff's counsel will respond to Defendants' motions as best they can, with the continuing objection that Plaintiff is unfairly prejudiced by the morass described above.  How is Plaintiff to know which alleged statements of facts are used to support which arguments dispersed among Defendants' many motions if all that Defendants provide is a generic statement incorporating all statements of fact alleged in one motion into the next?

The piecemeal motions at issue here are in exactly the form and sequence which judges in this District have prohibited for years.  *See, e.g.,* Ex. 1 and 2 attached hereto.  Defendants' counsel was specifically advised of this prohibition and asked not to violate it before the motions were filed.  *See* Ex. 3 and 4 attached hereto.  For these reasons, Defendants' violation of the prohibition on piecemeal motion practice should be considered willful, and the Court should sanction Defendants with a reasonable and appropriate award of attorney fees tailored to the degree of extra work for Plaintiff's counsel and the Court that is occasioned by such excessive motion practice.  *See* Fed. R. Civ. P. 16(f); *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 242-43 (3d Cir. 2007) (citing *In re Sanction of Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc)).  The Court should award such fees in addition to denying the pending motions in their present form and requiring that their content be presented in a single motion as specified above.

WHEREFORE, Plaintiff respectfully moves the Court to prohibit the piecemeal motion practice evinced by Defendants' multiple motions filed during the past month (Doc. 68, 69, 70, 71, 75, 76, 77), deny or otherwise decline to consider those motions in their present form, require Defendants to re-file a single consolidated motion for partial summary judgment with

appropriate page limits and a single set of uniformly numbered exhibits, as well as a single

consolidated response to Plaintiff's Motion to Exclude Expert Opinion Evidence (Doc. 79),

award Plaintiff reasonable attorney fees attributable to the extra work created by any portion of

Defendants' piecemeal motion practice which the Court finds excessive, and grant such further

relief in Plaintiff's favor as the Court deems just and proper.

Respectfully Submitted,

 /s/ Arne R. Leonard
Paul J. Kennedy
Arne R. Leonard
Elizabeth A. Farrington
PAUL KENNEDY & ASSOCIATES, P.C.
201 12th Street NW
Albuquerque, New Mexico  87102
(505) 842-8662

I hereby certify that a copy of the foregoing was delivered via CM/ECF

to all counsel of record on the date indicated on the Notice of Electronic Filing.

 /s/ Arne R. Leonard
Paul J. Kennedy
Arne R. Leonard
Elizabeth A. Farrington
PAUL KENNEDY & ASSOCIATES, P.C.
201 12th Street NW
Albuquerque, New Mexico 87102
(505) 842-8662