IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ESTHER VERA, as personal representative of
MANUEL FLORES, deceased,

    Plaintiff,

v.                                                CIV 16-0491 SCY/KBM

SAMUEL RODRIGUEZ in his individual capacity,
BOARD OF COUNTY COMMISSIONERS
OF BERNALILLO COUNTY, and DAN HOUSTON,
in his individual and official capacities as
BERNALILLO COUNTY SHERIFF,

    Defendants.

# MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S RULE 37 MOTION

THIS MATTER comes before the Court on Plaintiff's Rule 37 Motion (*Doc. 73*), filed May 18, 2017. The Court has reviewed the motion, the memoranda and exhibits submitted by the parties, and the relevant authorities. For the reasons stated herein, the Court finds that the motion will be granted in part and denied in part.

**I.    LEGAL STANDARD**

Federal Rule of Civil Procedure 37 governs sanctions for various discovery abuses. *See* Fed. R. Civ. P. 37. For instance, the failure to disclose information, to supplement a response, or to admit a fact can be sanctionable offenses. *See* Fed. R. Civ. P. 37(c). If a party fails to provide proper initial

disclosures under Rule 26(a)[1] or fails to supplement his initial disclosures or discovery responses under Rule 26(e), he "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In addition to or in lieu of disallowing the use of any previously-undisclosed information, the court may, on a motion by the opposing party, award reasonable fees and expenses, inform the jury of the party's failure, or impose certain other sanctions, including:

    (i)     Directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
    (ii)    Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
    (iii)   Striking pleadings in whole or in part;
    (iv)   Staying further proceedings until the order is obeyed;
    (v)    Dismissing the action or proceeding in whole or in part;
    (vi)   Rendering a default judgment against the disobedient party; or

Fed. R. Civ. P. 37(c)(1)(C) & 37(b)(2)(A)(i)-(vi).

## II. ANALYSIS

### A. Request for Production No. 21

This request for production, seeks "any documentation of changes in the requirements of the standard required curriculum for field service deputies between January 1, 2017 and the present, including the number of hours required." *Doc. 73*, Ex. 1, at 16. Defendant Bernalillo County objected on the

---

[1] A party must provide as initial disclosures: 1) the name and contact information for any person likely to have discoverable information that the disclosing party may use to support its claims or defenses; 2) copies of documents or tangible things that the disclosing party may use to support its claims or defenses; 3) a computation of each category of damages and supporting documents; and 4) any insurance agreements under which an insurance business may be liable to satisfy all or part of a judgment in the action or to indemnify. Fed. R. Civ. P. 26(a).

ground that it did not understand the request and would respond if and when Plaintiff clarified the request. *Doc. 73*, Ex. 1, at 16. Following the filing of the instant motion, on June 15, 2017, Defendant Bernalillo County provided a supplemental production of documents to Plaintiff. *Doc. 100* at 1. According to Plaintiff, this supplementation rendered moot her motion with respect to Request for Production No. 21. *Id.* As such, the Court denies as moot Plaintiff's motion with respect to Request for Production No. 21.

### B. Interrogatory No. 18

In this interrogatory, Plaintiff asks Defendant Bernalillo County to "state all instances in which the Watch III Relief Squad, including Sgt. Randall Herring or Deputy Samuel Rodriguez, attended in-service training in July and August 2017." *Doc. 73*, Ex. 1, at 2. Defendant Bernalillo County invoked Rule 33(d), which permits a party to respond to an interrogatory "by specifying records that must be reviewed." *See Doc. 73*, Ex. 1, at 2; Fed. R. Civ. P. 33(b). It produced a collection of approximately 17 documents described as "R. Herring – BCSO Training Certificates" as well as a "Privilege Log for Samuel Rodriguez's BCSO Training Certificates." *Doc. 73*, Ex. 1. Defendant Bernalillo County listed fifty-one documents in that privilege log; however, it asserted privileges only as to two of those documents. *See id.*

In her reply brief, Plaintiff concedes that her motion is moot as to relief sought regarding the privilege log. *Doc. 100* at 2. She maintains, however, that Defendant Bernalillo County's substantive answer to this interrogatory remains deficient. *Id.* Plaintiff argues that because Defendant Bernalillo County opted to

respond to Interrogatory No. 18 under Rule 33(d), by producing documents, it must "precisely identify which document(s) correspond to the in-service training in July and August 2014."[2] *Doc. 100* at 2. It appears that Plaintiff takes issue with the over-inclusive nature of Defendant Bernalillo County's response to Interrogatory No. 18, as she contends that the produced documents do not fall within the narrow timeframe specified in the interrogatory. Defendant Bernalillo County, in contrast, maintains that all of the produced documents are responsive to Interrogatory No. 18. *Doc. 80* at 2.

In effect, Plaintiff suggests that by producing unresponsive documents Defendant Bernalillo County has provided an evasive discovery response to Interrogatory No. 18. Under Rule 37(a)(4), an evasive answer is treated as a failure to respond. *See* Fed. R. Civ. P. 37(a)(4). Based upon the Court's review of the documents identified in the privilege log, it appears that many of the documents produced by Defendant Bernalillo County in response to Interrogatory No. 18 do not correspond to the timeframe specified in Interrogatory No. 18. Indeed, the Court can identify only one document, Document 33, which bears a date that falls in July or August of 2014.

As such, the Court orders Defendant Bernalillo County to supplement its answer to Interrogatory 18 and to provide only those documents which identify in-service training attended by members of the Watch III Relief Squad **in July or August of 2014**. If there are no documents responsive to this interrogatory,

---

[2] Plaintiff explains in her reply brief that, as originally submitted to Defendant Bernalillo County, the date range requested in Interrogatory No. 18 was July and August 2014. *Doc. 100* n.1 She notes that Defendant's response contains a typographical error, listing the year as "2017," rather than "2014." *Id.*

given its specific temporal parameters, Defendant Bernalillo County should so state in its supplemental response.

### C.  Request for Production Nos. 9-15

In response to Plaintiff's Requests for Production Nos. 9 through 15, Defendant Bernalillo County represented that it had no responsive documents in its possession. Plaintiff argues that because Defendant Bernalillo County has denied having responsive documents, it cannot "reserv[e] the right to use undisclosed documents responsive to those requests at a later date." *Doc. 100* at 3-4. Defendant Bernalillo County maintains that any request by Plaintiff to exclude evidence responsive to these requests for production is premature.  The Court agrees. Plaintiff has not alleged that Defendant Bernalillo County relied upon any specific information responsive Request for Production Nos. 9 through 15, which was not produced to Plaintiff.  The Court will deny Plaintiff's motion as to any relief requested concerning Requests for Production Nos. 9 through 15.

### D.  Interrogatory No. 6

In this contention interrogatory, Plaintiff asks Defendant Bernalillo County to "state the principal and material facts on which [it] rel[ies] to support each of the affirmative defenses pleaded in [its] Answer to Plaintiff's Complaint." *Doc. 73*, Ex. 3. Defendant Bernalillo County provided a response as to each of its eleven affirmative defenses. *Id*. Plaintiff now contends that Defendant Bernalillo County is precluded from relying upon facts or records supporting these affirmative defenses which was not timely disclosed in response to Interrogatory No. 6, unless it meets its burden of showing substantial justification or harmless error.

*Doc. 100* at 5. For instance, Plaintiff insists that the May 3, 2017 Affidavit of Defendant Samuel Rodriguez, which was attached in support of Defendant's Motion for Partial Summary Judgment No. II: Dismissal of Plaintiff's State Law Claims Against Defendant Rodriguez, (*Doc. 68*, Ex. P), was undisclosed information that was responsive to Interrogatory No. 6. The subject affidavit sets forth Defendant Rodriguez' justification for using deadly force in the underlying incident.

As a sanction for failing to disclose this affidavit, Plaintiff suggests that the Court "fashion a remedy for the failure to timely supplement Defendant's Answer to Interrogatory No. 6 in conjunction with the remedy sought in Plaintiff's Motion to Prohibit Piecemeal Motion Practice (Doc. 82)." *Doc. 100* at 7. This suggested approach is not practical here, where the referenced motion is pending before the presiding judge, while Plaintiff's Rule 37 Motion is addressed herein by the pretrial judge. In any event, the Court is unpersuaded that any sanction under Rule 37 is appropriate with respect to the Affidavit of Defendant Rodriguez.

Plaintiff describes the affidavit as "a classic 'sham affidavit' seeking to sanitize or edit the witness' prior sworn testimony in a matter that leaves out important contextual details." *Doc. 100* at 6. Yet she fails to identify any critical details omitted from the affidavit or any examples of sanitization of deposition testimony. Simply put, she offers no explanation as to how Defendant Rodriguez' affidavit even differs from his deposition testimony.

Defendant Bernalillo County explains that in addition to statements derived from deposition testimony, some statements in the affidavit are direct

quotes from Defendant Rodriguez' original interview with investigators, upon which Plaintiff's counsel relied extensively during his deposition. Ultimately, it insists that all of the statements in the affidavit contain information produced to Plaintiff during discovery, albeit in a different form. *Doc. 80* at 6-8.

The Court agrees with Defendant Bernalillo County that the reliance upon the affidavit of a deposed party derived from facts and statements produced to the opposing party during discovery does not necessarily violate Rule 37. Further, even if reliance on Defendant Rodriguez' affidavit could be characterized as a violation of Rule 37, Plaintiff has failed to demonstrate any prejudice. Notably, the source of the affidavit was not an undisclosed witness who Plaintiff had no chance to depose. Rather, the affiant was a named defendant, who Plaintiff deposed on March 7, 2017, and was subject to discovery requests. Under these circumstances, the Court will deny Plaintiff's motion as to the Affidavit of Defendant Rodriguez.

Plaintiff also makes a cursory argument in her reply brief that Defendant Bernalillo County failed to timely disclose the Affidavit of Dennis O'Brien and the animations attached as Exhibits O-1 and O-2 to Defendants' Motion for Partial Summary Judgment No. II (*Doc. 71*) as supplements to its response to Interrogatory No. 6. Plaintiff devotes little discussion to her request for exclusion under Rule 37(c), noting that this issue is more fully addressed in her Motion to Exclude Expert Opinion Evidence (*Doc. 79*). In the latter motion, the untimeliness argument is but one argument, among many, that Plaintiff makes for exclusion of the O'Brien affidavit and animations. *See Docs. 79 & 99*. Moreover, the

admissibility of Dennis O'Brien's testimony and animations is also addressed by Defendants in their *Daubert* Motion to Affirmatively Admit Animations and Related Testimony by Dennis O'Brien (*Doc. 70*).

Therefore, the Court declines to address this request for Rule 37 sanctions in the context of the instant motion. Instead, the issue will be reserved for the presiding judge's determination in the context of the referenced dispositive motions.

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's Rule 37 Motion (*Doc. 73*) **is granted in part** to the extent that Defendant Bernalillo County is ordered to supplement its response to Interrogatory 18 and to provide only those documents which identify in-service training attended by members of the Watch III Relief Squad in July or August of 2014.

2. Plaintiff's Rule 37 Motion is **otherwise denied.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE