IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ESTHER VERA, as personal representative
of MANUEL FLORES, deceased,

    Plaintiff,

v.                                                                              Civ. No. 16-491 SCY/KBM

SAMUEL RODRIGUEZ, in his individual capacity,
BOARD OF COUNTY COMMISSIONERS OF
BERNALILLO COUNTY, and DAN HOUSTON,
in his individual and official capacities as Bernalillo
County Sheriff,

    Defendants.

## **ORDER DENYING PLAINTIFF'S MOTION TO PROHIBIT PIECEMEAL MOTION PRACTICE**

THIS MATTER comes before the Court on Plaintiff's Motion to Prohibit Piecemeal Motion Practice. Doc. 82. In the Motion, Plaintiff contends that Defendants' multiple motions for partial summary judgment were improper and have unnecessarily complicated the briefing process. Although the Court ultimately sympathizes with many of Plaintiff's frustrations, the Court will deny Plaintiff's Motion.

At the outset, it is worth noting that Federal Rule of Civil Procedure 56 contemplates the filing of motions for partial summary judgment as the Rule permits challenges not just to an entire claim but also to parts of each claim or defense. It could be argued that the purpose of this language is to merely allow a moving party to challenge only those parts of the non-moving party's claims or defenses that are truly at issue rather than to permit a party to file successive motions for partial summary judgment against every claim or defense to which that party objects. Regardless, while Rule 56 does not explicitly limit the number of motions for summary

judgment a party may file, "[i]t is well established that federal district courts possess the power to administer their dockets in a manner that conserves scare judicial resources and promotes the efficient and comprehensive disposition of cases." *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002). District judges in this district have accordingly exercised this power in some instances to limit successive motions for summary judgment. *See United States v. Copar Pumice Company, Inc.*, Civ. No. 09-1201, 2013 WL 12159365, * 3 (D.N.M. Sept. 12, 2013) (Parker, J.) ("The Court concludes that a decision to limit successive summary judgment motions and briefing falls within its sound discretion to manage its docket and secure the efficient resolution of this proceeding."); *Cash v. Lockheed Martin Training Solutions, Inc.*, Civ. No. 09-901, Doc. 81 (D.N.M. Sept. 3, 2010) (Black, J.) (denying the defendants' multiple motions for summary judgment without prejudice and ordering the defendants to file a single dispositive motion); *Rice v. The City of Santa Fe*, Civ. No. 00-1669, Doc. 199 (D.N.M. Aug. 21, 2002) (Johnson, J.) (denying all pending motions without prejudice with the directive that no "piecemealing of summary judgment motions in serial form" will be permitted).

The basis for discouraging this type of piecemeal litigation—"breaking what is in reality a single motion for summary judgment into distinct and individual pleadings"— is clear: such a practice "forces the parties to file multiple motions, responses, and replies, when a single omnibus document would suffice" and further "causes extra work for this busy Court, which has to read and analyze overlapping and often duplicative arguments." *Caldera Pharmaceuticals, Inc. v. Bellows*, Civ. No. 10-222, Doc. 232 (D.N.M. Dec. 21, 2012). As the Honorable Bruce Black emphasized, "such tactics—which look like transparent attempts to skirt the rules—waste judicial resources, unnecessarily burden the litigants, and ultimately prove counterproductive

because…they create additional haystacks in which courts are obliged to look for the needle." *Cash*, 09-901, Doc. 81 at 1-2. *See also Cole v. Convergys Customer Mgt. Group, Inc.*, 2013 WL 1446556, at *1 (D. Kan. Apr. 9, 2013) (stating that "filing summary judgment motions seriatim on one's own initiative not only makes the court's task of shuffling paperwork more complex, but also permits any number of permutations of the page-limitation rule, all of which would be sure to be exploited by creative counsel more frequently than desired by the court or warranted by the circumstances" (internal quotation marks and citation omitted)).

That said, the Court recognizes that multiple motions for summary judgment may be appropriate in some circumstances. For instance, it is usually more efficient for a defendant to file a dispositive motion raising jurisdictional issues early in the litigation, before challenging the merits of a plaintiff's claim. While the Court declines to affirmatively delineate all instances in which multiple motions for summary judgment are appropriate, the baseline inquiry into the propriety of successive motions is the extent to which they contribute to the efficient resolution of the issues before the Court. Along these lines, piecemeal motions which strike the Court as merely attempts to skirt procedural rules, including those providing page limitations, should be disallowed. The Court accordingly agrees with Judge Black that separating summary judgment motions merely on the basis of the legal theory being argued or claim being addressed is an insufficient justification, by itself, for successive summary judgment motions.

Viewing Defendants' Motions in this light, the Court agrees with Plaintiff that Defendants should have sought leave of the Court to file an omnibus motion and to exceed the normal page limitations rather than split the current motions into the morass of briefing that currently sits before the Court. As an example of inefficiency Defendants' seriatim filings caused, the Court notes that Defendants' first and second motions for partial summary judgment

rely on nearly the same corpus of material facts.  Yet, Defendants' alleged undisputed material facts, and the accompanying exhibits, are attached to their second motion for partial summary judgment; whereas Plaintiff's responses, and accompanying exhibits, are attached to their response to Defendant's first motion for partial summary judgment.  Such briefing tactics unnecessarily require an undue amount of paper-shuffling in order to cross reference the parties' arguments and alleged facts.  Thus, when issues can be more efficiently resolved through the filing of one omnibus motion, litigants should seek leave of the Court to file an omnibus motion with, if necessary, a request to exceed page limitations.

Although the Court agrees with Plaintiff that Defendants should have sought to file one omnibus motion rather than a series of motions that cross referenced each other, at this stage in the litigation it would create additional burden, expense, and delay for the Court to order Defendants' to reformat and resubmit their motions. Therefore, the Court DENIES Plaintiff's Motion to Prohibit Piecemeal Motion Practice (Doc. 82).

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**
**Sitting by Consent**